UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ISARAEL DUARTE-ROSAS,                           Civil No. 05-1856 (PAM/SRN)

      Petitioner,

v.                                              **REPORT AND**
                                                **RECOMMENDATION**
HOLINKA, Warden, FCI-Waseca,
BOP, and
UNITED STATES OF AMERICA,

      Respondents.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

In May 2003, Petitioner pleaded guilty to federal drug law violations in the United States District Court for the District of Guam. He was sentenced to 97 months in federal prison, and

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

dockets.Justia.com

he is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota. (Petition, [Docket No. 1], p. 2, ¶s 1-5.)

Petitioner did not challenge his conviction or sentence by direct appeal. (Id., ¶ 7.) However, he later filed a motion in the trial court, under 28 U.S.C. § 2255, claiming that he had been "convicted of [a] non-existent offense." (Id., pp. 3-4, ¶s 10 and 11(a).) Petitioner's § 2255 motion was denied in July 2005, because (a) he had waived his right to challenge his conviction by pleading guilty, and (b) he had procedurally defaulted his claims by failing to raise them on direct appeal. (Id., ¶ 11(b) and (c).) Petitioner apparently did not appeal the trial court's denial of his § 2255 motion.

Petitioner is now attempting to challenge his Guam conviction and sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. He claims that the trial court lacked jurisdiction over his criminal case because there allegedly was "no indictment in this case," and thus the trial court "exceeded its jurisdiction &/or lost its jurisdiction of the offense." (Id., p. 3, ¶ 9.)

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is

2

authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly trying to overturn his federal criminal conviction and sentence. His present petition is therefore barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism

3

and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Ninth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Moreover, even if Petitioner were eligible for a pre-authorization order that would allow him to file a second § 2255 motion, it appears that any such motion would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[¶ 6]. For this additional reason, it would not be appropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, presumably because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255. Such reasoning, however, must be rejected.

4

The rule against successive § 2255 motions would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition or some other form of action. Congress could not have intended for the rules governing successive § 2255 motions (or the statute of limitations) to be so easily evaded. Accordingly, the Eighth Circuit Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 123 S.Ct. 275 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").[2]

---

[2] Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief in a direct appeal immediately after his conviction, and again in his § 2255 motion to the trial court. Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to take advantage of those opportunities and, at this late date, he is no longer eligible for relief under that statute.

The Court recognizes that Petitioner is claiming that the trial court acted without jurisdiction in his criminal case, because he was (allegedly) not properly indicted by a grand jury. (Petition, p. 4, ¶ 12.) He further contends that he did not waive his right to raise this "jurisdictional claim" when he pleaded guilty. However, a federal prisoner cannot avoid the § 2255 exclusive remedy rule merely by characterizing his claims as "jurisdictional." Taylor v. Gilkey, 314 F.3d 832, 834 (7th Cir. 2002). Even if Petitioner's guilty plea did not waive his right to challenge the charging process, (a matter that need not be specifically decided here), that would not mean that § 2255 must be an inadequate or ineffective remedy for such a challenge. Regardless of the nature of Petitioner's claim, (i.e., whether it be "jurisdictional" or

---

permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

something else), he cannot claim that § 2255 is inadequate or ineffective, and that he should therefore be allowed to proceed under § 2241, if his claim could have been raised on direct appeal, or in a prior § 2255 motion. Because Petitioner is unable to show that his current claims were previously unavailable, he cannot now bring those claims in a § 2241 habeas corpus petition. See Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004) ("§ 2255 is not inadequate or ineffective simply because the prisoner cannot meet the... [statutory requirements for filing a second § 2255 motion], so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition"); see also McDonald v. United States, No. 00-C-595-C (W.D.Wis. 2000), 2000 WL 34231491 at * 3-4 (federal prisoner could not be excused from the § 2255 exclusive remedy rule merely because his § 2241 habeas claim challenged the jurisdiction of the trial court, if the claim could have been raised previously).

## III.  CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his criminal conviction and sentence; (2) such challenges can be raised only in a motion to the trial court brought under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations, (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) even though Petitioner is attempting to raise a "jurisdictional claim," he cannot present that

claim here, (in a § 2241 habeas petition), because he could have presented it on direct appeal or in his previous § 2255 motion.

Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that the petition should be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

Lastly, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state an actionable habeas corpus claim, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: August 23, 2005

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 7, 2005,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.